UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                   :
UNITED STATES OF AMERICA,                   :
                                                   :                   16-CR-824-1 (JMF)
             -v-                                 :
                                                   :            MEMORANDUM OPINION
STERLING ANDERSON,                           :                      AND ORDER
                                                   :
                         Defendant.                :
                                                   :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Defendant Sterling Anderson, who has served approximately two thirds of his eighty-four-month sentence for a non-violent drug offense, filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* ECF No. 74. The Court appointed counsel to represent Anderson and granted counsel leave to file supplemental briefs. *See* ECF No. 75. The Government opposes Anderson's motion. *See* ECF No. 79 ("Opp'n").[1] Substantially for the reasons stated in Anderson's memoranda of law, *see* ECF Nos. 74, 78, 80, the motion is granted.

       Under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), the Court "may reduce" a defendant's term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i). The statute also imposes a mandatory exhaustion requirement, *see id.*, which the Government agrees Anderson has met, *see* Opp'n 1.

---

[1]     The Government also filed a sur-reply in further opposition to Anderson's motion — without leave of Court. *See* ECF No. 81. The Court therefore disregards the Government's sur-reply, which, in any event, raises no new arguments.

Anderson satisfies all of the requirements for compassionate release. First, as many courts have recognized, the threat of COVID-19 to those in prison constitutes an extraordinary and compelling reason for compassionate release, especially for those whose preexisting medical conditions put them at heightened risk. *See, e.g.*, *United States v. Pena*, No. 15-CR-551 (AJN), 2020 WL 2301199, at *4 (S.D.N.Y. May 8, 2020). Anderson's severe obesity places him in that group. *See* Opp'n 1; *see also Groups at Higher Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, https://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited June 2, 2020); *see also* Roni Caryn Rabin, *Obesity Linked to Severe Coronavirus Disease, Especially for Younger Patients*, N.Y. Times (Apr. 17, 2020), https://www.nytimes.com/2020/04/16/health/coronavirus-obesity-higher-risk.html.

Next, release is consistent with the Section 3553(a) factors and applicable public policy statements. In 2017, Anderson pleaded guilty to conspiring to distribute and possess with intent to distribute heroin, crack cocaine, and marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), (C), and (D), and the Court sentenced him to a total of eighty-four months' incarceration, to be followed by four years of supervised release. *See* ECF No. 54. At the time of sentencing, the Court concluded that that sentence was warranted by, among other things, Anderson's lengthy criminal history. ECF No. 65 ("Sentencing Tr.") at 20. At the same time, the Court acknowledged certain mitigating circumstances, including Anderson's difficult childhood and "the positive role that he has played in his family and his children's lives and in the larger community." *Id.* at 21. Significantly, Anderson's contributions were corroborated by "letters submitted on his behalf" — a fact that was "unusual" for defendants in Anderson's position. *Id.* at 21-22. Accordingly, the Court concluded that an eighty-four-month sentence — below the 120-150 month Guidelines range, but significantly longer than any sentence Anderson

had previously received, *see id.* at 17 (noting that the longest Anderson had been in jail was approximately thirteen months); *id.* at 20 (noting that Anderson's prior sentences were "not of the sort that he is looking at here") — was sufficient, but no greater than necessary, to achieve the purposes of sentencing.

The balance weighs differently in the current circumstances. Importantly, "[d]ue to the COIVD-19 pandemic, the 'history and characteristics of the defendant' and the 'need . . . to provide the defendant with needed . . . medical care,' § 3553(a), now weigh heavily in favor of [Anderson's] release, given the health risk that continued incarceration poses to him." *Pena*, 2020 WL 2301199, at *4. Anderson is forty-seven years old and has a body-mass index of over forty, which qualifies as severely obese. *See* ECF No. 74 at 3; Opp'n 1. And while the Government argues that the Bureau of Prisons is adequately protecting Anderson's health, citing the lack of any positive tests in Anderson's facility, *see* Opp'n 6-10, lack of testing in that facility (and others) gives some reason to doubt that optimism, *see* Opp'n 10 (noting that "[t]o date, one Low inmate has been tested," and "FCI Fort Dix currently has no plan to test the entire Low"); *see also Wragg v. Ortiz*, — F. Supp. 3d —, No. 20-CV-5496 (RMB), 2020 WL 2745247, at *8 (D.N.J. May 27, 2020) ("Respondents have not explained why they have no plans to test people housed at the Low, despite the capacity to test 75 people a day.").

Anderson has already served approximately forty-three months in prison, which constitutes nearly two thirds of his sentence (after accounting for good time credit). *See* Opp'n 1, 11. And notably, he has used the time to better himself, as he completed the Residential Drug and Alcohol Treatment Program and has a nearly unblemished disciplinary history. *See* at ECF No. 78, at 5. Thus, "[t]he time he has served in prison has already achieved much of the original sentence's retributive, deterrent, and incapacitative purpose," *Pena*, 2020 WL 2301199, at *4,

and Anderson does not pose "a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2) — a conclusion reinforced by the fact that Anderson has no history of violence, *see* ECF No. 78 at 5.  The need for general deterrence has also been addressed by Anderson's substantial time served (not to mention the several months served with the grave risk of illness posed by COVID-19 to those in prison).

To be clear, the Court's view is that "temporar[y] release . . . until the threat from COVID-19 passes and [Anderson] can finish [his] sentence in safety" would be the optimal result.  *United States v. Roberts*, — F. Supp. 3d —, No. 18-CR-528-5 (JMF), 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020).  Regrettably, however, the Court lacks authority to bring about that result; instead, the authority to grant a temporary furlough is committed "to the sole discretion of the" Bureau of Prisons.  *Id.* at *3.  Under the law as it stands, the Court effectively has only two options: reduce Anderson's sentence to time served (and require a portion of the supervised release term to be served on home confinement) or deny release altogether.  In light of the grave risk that COVID-19 poses to prisoners generally, and Anderson specifically as a result of his obesity; the fact that he has served nearly two thirds of his sentence; his record while incarcerated; and his lack of violent criminal history, the Court concludes that a sentence reduction is the better of those two options.

Accordingly, Anderson's motion is GRANTED.  More specifically, the Court orders that:

(1)   Anderson's sentence of incarceration is reduced to time served pursuant to 18 U.S.C. § 3582(c)(1)(A);

(2)   Anderson is ordered released from Bureau of Prisons custody, effective immediately; and

(3)   Upon his release, Anderson shall serve four years of supervised release, subject to the conditions of supervised release set forth in the judgment dated September 26, 2017, *see* ECF No. 54, modified as follows:

(a) Anderson shall serve twelve months of supervised release on home

confinement, to be enforced by GPS monitoring, at the residence approved by the Probation Department;

(b) Anderson is to report to the Probation Department at 500 Pearl Street, 6th Floor, New York, New York, at **10:00 a.m. fourteen days after his release** (during which time he is to self-quarantine at his approved residence), to have the GPS tracker affixed to his ankle;

(c) While on home confinement, Anderson must remain at his approved residence except to seek any necessary medical treatment, in each instance with prior notice and approval by the Probation Department; and

(d) Anderson must possess or have access to a telephone that will allow him to video-conference with the Probation Department.

The Government shall immediately notify the Bureau of Prisons of this Order. The Clerk of Court is directed to terminate ECF No. 74.

    SO ORDERED.

Dated: June 2, 2020
       New York, New York

_____
JESSE M. FURMAN
United States District Judge